## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WILLIAM BRALEY,                     |

                                 |

       Plaintiff,                 |

vs.                               |

                                 |

JUST BRANDS USA, INC.,            |

JUST BRANDS, FL, LLC, and       |

SSGI FINANCIAL SERVICES, INC.    |

                                 |

       Defendants.             |

## CLASS ACTION COMPLAINT

Plaintiff, William Braley, on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this action against Defendants for violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq* ("ICFA"). and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1962(a)-(d),

## NATURE OF THE ACTION

1.    This is a putative class action lawsuit on behalf of purchasers of "JustCBD" products. Defendants manufacture, label, distribute, and sell "JustCBD" products, including in Illinois. Defendants' "JustCBD" products contain a label that there is "NO THC". However, Defendants' "JustCBD" products contain THC.

2.    According to the World Health Organization (WHO), cannabidiol (or "CBD") is a naturally occurring cannabinoid found in cannabis plants. CBD is used

1

by consumers for numerous medical conditions, including without limitation, epilepsy, insomnia, chronic pain, arthritis, and anxiety.

3.    According to the National Institute of Health (NIH), delta-9-tetrahydrocannabinol (or "THC") is the main psychoactive chemical in marijuana.

4.    While Defendants manufacture, label, distribute, and sell "JustCBD" products as having "NO THC", Defendants' "JustCBD" products contain THC.

5.    Since 2017, Defendants have advertised "JustCBD" products as having "NO THC". Defendants made that representation on their "JustCBD" CBD Cannabidiol Gummies.

6.    Substantially the same advertisement and misrepresentation was made on other "JustCBD" products.

7.    Those advertisements were false, however, because the "JustCBD" products contain THC.

8.    As a result of the Defendants' misrepresentation, Plaintiff purchased and ate "JustCBD" gummies and, as a result, failed an employment drug test due to the presence of THC in his system.  He was terminated as a result.

9.    As a result of the Defendants' misrepresentation, Plaintiff unknowingly purchased a controlled substance that contained levels of THC over the federal limit as per the DEA regulations.

10.    He also failed to receive the benefit of his purchase of "JustCBD"

gummies. He had intended to buy a product with "No THC" and lost the money used to purchase the CBD gummies that were not what they said they were.

11.     Plaintiff brings this action to recover actual damages for himself and other similarly situated purchasers of the "JustCBD" products.

## JURISDICTION & VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states; and 28 U.S.C. §1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and is a class action in which at least one member of the class of plaintiffs is a citizen of a state different from Defendants.

13.     The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14.     The Court has personal jurisdiction over Defendants as a result of Defendants' substantial, continuous and systematic contacts with Illinois and because Defendants have purposely availed themselves of the benefits and privileges of conducting business activities within Illinois.

15.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants are subject to personal jurisdiction in this District, and

a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

16.     Plaintiff, William Braley, was a resident of Illinois and a citizen of the State of Illinois.

17.     Defendants are Florida corporations with their principal place of business in Coral Springs, Florida and are citizens of the State of Florida.

18.     Defendant, Just Brands USA, Inc. ("Just Brands USA"), sells, and/or globally distributes "JustCBD" branded products, and is responsible for the advertising, marketing, and for packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the "JustCBD" products. Just Brands USA manufactured, marketed, and/or sold the "JustCBD" products during the relevant Class period.

19.     Defendant, Just Brands FL, LLC ("Just Brands FL"), manufactures, sells, and/or globally distributes "JustCBD" branded products, and is responsible for the advertising, marketing, and for packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the "JustCBD" products. Just Brands FL manufactured, marketed, and/or sold the "JustCBD" products during the relevant Class period.

20.     Defendant, SSGI Financial Services, Inc. ("SSGI"), manufactures, sells, and/or globally distributes "JustCBD" branded products, and is responsible for the advertising, marketing, and packaging of CBD-infused edibles, oils, tinctures, creams, and vapes, including the "JustCBD" products. SSGI manufactured, marketed, and sold the "JustCBD" products during the relevant Class period.

21.     Based on information and belief, SSGI - - as the parent company of Just Brands USA and Just Brands FL - - dominates and controls all aspects of operations and corporate decision-making. By way of illustration, the online retail site operated by Defendants, "www.justcbdstore.com", acknowledges specifically "SSGI Financial Services" and that "Just Brands USA" is a "DBA" entity for SSGI. In addition, all Defendants share the same principal address in Coral Springs, Florida and primary officer and director, Stephen Iacona.

22.     At all times relevant to the allegations in the Complaint, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and misrepresentations alleged herein.

## **FACTS**

23.     Defendants manufacture, market, and sell various "JustCBD" products, including without limitation, edibles, candies, vape cartridges, oils, tinctures, bars,

creams, and dried fruits. All such "JustCBD" products advertise "NO THC" or "THC Free" even though the products contain THC.

24.     Reasonable consumers read and understand "NO THC" or "THC Free" to mean there is no THC in the "JustCBD" products and that the products are free of any THC.

25.     On or about September 2019, Plaintiff purchased Defendants' "JustCBD" gummies from a retailer in Illinois. The container for the "JustCBD" product contained the advertisement and misrepresentation shown above that the product contained "NO THC".

26.     Plaintiff purchased the "JustCBD" product because he reasonably expected the product would help him sleep, help his back pain, and that it did not contain any THC, as Defendants had advertised on the product label.

27.     Defendants' "NO THC" representation was false and misleading to Plaintiff and other similarly situated consumers.

28.     Defendants' "NO THC" representation was false because Defendants knew their "JustCBD" products contained THC. However, that knowledge was not advertised or communicated on the "JustCBD" products containers or labels.

29.     Plaintiff and other Class members detrimentally altered their positions and suffered actual damages as a result of the advertisement and misrepresentation that there was "NO THC" in the "JustCBD" products.

6

## CLASS ACTION ALLEGATIONS

30.     While reserving the right to redefine or amend the class definition prior to seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff / William Braley seeks to represent a Class of all persons who, within four years of the filing of the Complaint (the "Class Period"), purchased for use and not for resale or distribution, "JustCBD" products with the "NO THC" label (the "Class").

31.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court.

32.     Questions of law and fact common to Plaintiff and the Class include:

        a.      Whether Defendants' use of the phrase "NO THC" created a likelihood of deception or had the capacity to deceive consumers about the presence of THC in the "JustCBD" products.

        b.      Whether Defendants' use of the phrase "NO THC" on its "JustCBD" products was a form of false and misleading advertising.

        c.      Whether Defendants engaged in a pattern of racketeering activity that poses a threat of criminal activity through their false and misleading representations;

       d.     The actual damages suffered as a result of Defendants' deceptive labeling practices and false advertising. And,

       e.      The proper amount of punitive damages, attorneys' fees and other recoverable remedies under ICFA and RICO.

33.     Those common questions of law and fact predominate over questions that affect only individual Class members.

34.     Those common questions of law and fact predominate over questions that affect only individual Class members.

35.     Plaintiff's claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct. Specifically, all Class members, including Plaintiff, were subjected to the same misleading and deceptive conduct, and false advertising when they purchased the "JustCBD" products, and suffered actual damages because the "JustCBD" products misrepresented to consumers that there was "NO THC" in substantially the same way.

36.     Plaintiff will fairly and adequately represent and protect the interests of the Class; he has no interests incompatible with the interests of the Class; and he has retained counsel competent and experienced in class action litigation.

37.     Plaintiff will fairly and adequately represent and protect the interests of the Class; he has no interests incompatible with the interests of the Class; and he

has retained counsel competent and experienced in class action litigation.

38.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

39.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is small, such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

40.     As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate, pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

**CAUSE OF ACTION**

**Count I**
**Violation of the Illinois Consumer Fraud and Deceptive**
**Business Practices Act 815 ILCS 505/1, *et seq.***

41.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.* makes it unlawful to employ "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise,

misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce." 815 ILCS 505/2.

42.     As detailed throughout Plaintiff's Complaint, Defendants represented to Plaintiff and consumers there was "NO THC" in their "JustCBD" products when in fact Defendants knew there was THC in the products.

43.     Defendant violated Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act by misrepresenting that there was "NO THC" in the "JustCBD" products.

44.     Plaintiff and the Class were damaged by Defendants' deceptive practices and their subsequent purchases of "JustCBD" products. Plaintiff and the Class would not have purchased "JustCBD" products had the true facts about the presence of THC in the products been known.

45.     Plaintiff and the Class were damaged by Defendants' deceptive practices and their subsequent purchases of "JustCBD" products. Plaintiff and the Class would not have purchased "JustCBD" products had the true facts about the presence of THC in the products been known. Plaintiff and the Class lost the money used to purchase the "Just CBD" products.

## Count II
## Violation of the Racketeer Influenced and
## Corrupt Organizations Act ("RICO"), 18 U.S.C. §
## 1962(c)

46.     The Racketeer Influenced and Corrupt Organizations Act ("RICO")

makes it unlawful to for any person employed by or associated with any enterprise

engaged in, or the activities of which affect, interstate or foreign commerce, to

conduct or participate, directly or indirectly, in the conduct of such enterprise's

affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c).

47.     Defendants are each "persons" as defined by 18 U.S.C. § 1961(3).

48.     Defendants are an enterprise as defined by 18 U.S.C. § 1961(4),

engaged in, and whose activities affect, interstate and foreign commerce.

Defendants' primary purpose and function was to profit from the marketing,

distribution, and/or sale of "JustCBD" product sold to Plaintiff.

49.     Defendants engaged in a pattern of racketeering activity in violation

of 18 U.S.C. § 1962(a), (b), (c), (d).

50.     Defendants' pattern of racketeering consisted of two or more related

predicate acts of racketeering, which pose a threat of criminal activity both now and

in the future, in violation of 18 U.S.C. § 1961(1) and § 1962:

a.      Selling and distributing a product through U.S. mail and interstate
        distribution that Defendants knew or should have known was an
        illegal controlled substance;

b.     Inducing the sale of an illegal product through false promises that its use was safe and legal;

c.     Induing the sale of an illegal product that Defendants falsely advertised could aid or cure medical conditions without THC, a controlled substance;

d.     Purposely failing to disclosure material facts about its "JustCBD" product to induce the purchase of an illegal product; and

e.     Concealing the true chemical contact from consumers in its advertising and labeling in order to avoid inquiry into their legality.

51.     Defendants engaged in the distribution of a controlled substance using methods intended to deceive Plaintiff and the Class about the amount of THC—advertised as "No THC"—in their "JustCBD" products.

52.     Defendants falsely advertised through a variety of media targeting consumers nationally and in Illinois, such as on Defendants' Website, labels, mail and print advertising, phone calls, and through representatives and store operators.

53.     Defendants' acts of mail and wire fraud were the primary way that they did business, and were designed to target a particular victim, who sought out the benefits of CBD without ingesting THC.

54.     Defendants used false marketing to communicate false information for the level of THC in their products in furtherance of a scheme or artifice to defraud,

or for obtaining money or property by means of false or fraudulent pretenses.

55.     Defendants' marketing statements were false as Plaintiff's testing revealed that Defendants' product contained detectible amounts of THC, and more than a single lone misrepresentation or mistake or event of promotional puffery.

56.     Defendants' false marketing extended over a period of more than two years, were part of a scheme to default, and the continuation of Defendants' false marketing project criminal activity into the future.

57.     Plaintiff's and the Class' purchase of Defendants' product resulted in the distribution of a controlled substance, and furthered Defendant's criminal activity now and into the future.

58.     Plaintiff and the Class's unknowing and unwilling participation in a criminal enterprise resulted in economic damage. They lost the funds used to purchase the product that wasn't what the label said it was. Plaintiff also lost his job and benefits from employment by failing a drug test.

59.     Even if Defendants updated their advertising to disclose trace levels of THC, they advertised numbers that were purposely less than the actual amounts of THC in the products.

60.     Moreover, whether predicate acts pose a threat of future conduct is evaluated at the time the acts are committed, and Defendants are liable for their current and former racketeering activity.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants, and the following remedies:

        a.      An Order declaring this action to be a proper class action, appointing Plaintiff as class representative, and appointing his undersigned counsel as class counsel;

        b.      An Order requiring Defendants to bear the cost of class notice;

        c.      An Order compelling Defendants to conduct a corrective advertising campaign;

        d.      An Order requiring Defendants to pay all actual, compensatory, and punitive damages (as allowed by law);

        e.      Pre- and post-judgment interest (as allowed by law);

        f.      An award of attorneys' fees and costs; and

        g.      Such other and further relief for Plaintiff and the Class as the Court deems appropriate and just.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated:  December 22, 2021

Respectfully Submitted,

By:    /s/ David Fish


David Fish (IL No. 6269745)
Mara Baltabols (IL No. 6299033)
Fish Potter Bolaños, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590 Direct
(630) 778-0400 Facsimile
docketing@fishlawfirm.com

Aaron Rapier (IL Nos. 6270472)
Rapier Law Firm
1770 Park St., Suite 200
Naperville, IL 60563
T: (815) 782-5478
F: (815) 327-3449
arapier@rapierlawfirm.com


*Attorneys for Plaintiff and all
others similarly situated*